## MARX v. SUTTON. *

### No. 16560.

Court of Appeal of Louisiana. Orleans.

Nov. 15, 1937.

F. Rivers Richardson, of New Orleans, for appellant.

A. D. Danziger and Sidney Singer, both of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Frederic C. Marx, a member of the New Orleans Bar, has sued to recover $500 for legal services alleged

*Rehearing denied Dec. 13, 1937.

to have been rendered by him to the defendant. He avers that, shortly before June 15, 1933, he was verbally employed by the defendant, Joseph M. Sutton, to render certain professional services consisting of the adjustment of a rent controversy arising between the defendant and Misses Ada, Irene and Hortense Davis, and U. J. Virgin involving an amount in excess of $18,000. He further avers that, due to his efforts, the matter was amicably adjusted on July 15, 1933, to the satisfaction of all concerned and that he is entitled to recover compensation from the defendant.

The defendant resists liability on the grounds, (1) that plaintiff was never employed by him, and (2) that it would have been unethical and unlawful for the plaintiff to accept employment from him because plaintiff was the attorney representing U. J. Virgin (one of the parties involved in the controversy) whose interest conflicted with that of defendant.

On these issues a trial was had. The district judge, after hearing the evidence, was of the opinion that plaintiff had not proved the contract of employment and, accordingly, dismissed the action. In his reasons for judgment, the judge remarked:

"In this case it is plain to me that Mr. Marx was the regularly employed attorney of Mr. Virgin and represented Mr. Virgin for months in the Davis matter, or the 914 Canal Street lease and it is plain that all of the services rendered were being rendered for Mr. Virgin and it is plain to me that Sutton, under the advice of his counsel, was acting for himself. I don't think the case is made out and there will be judgment for the defendant."

From this adverse decision, plaintiff has appealed.

The events which gave rise to the present suit are as follows:

On October 25, 1923, the Misses Davis, owners of the property No. 914 Canal street in the city of New Orleans, entered into a written contract of lease with Joseph M. Sutton for a term of 120 months, commencing October 1, 1926, and ending September 30, 1936. On October 25, 1925, Sutton subleased said premises to U. J. Virgin, it being understood that Virgin was to assume all of the obligations covenanted for by Sutton in the original lease with the Misses Davis. The Misses Davis were not parties to this sublease. Virgin, as subtenant, took possession of the premises and paid the monthly rental due thereon

directly to Leo Fellman & Company, the real estate agents for the Misses Davis. For a considerable period of time, antedating the action which was brought by the Misses Davis against Sutton, Virgin was delinquent in the payment of the rental due on the lease, and the said Fellman, as agent for the lessors, notified Sutton of Virgin's default. Sutton, in turn, communicated with Virgin, and numerous negotiations were had with a view of having the monthly rental reduced and extending the time of payment. During all of these discussions, Virgin was represented by his regular attorney, Mr. Marx.

Some time prior to July 5, 1933, Virgin again became delinquent in the payment of the stipulated rent. The Misses Davis, in pursuance of their rights on the original lease, brought suit against Sutton for the total amount of rent due and to become due. Mr. Marx, being cognizant of the filing of this action, telephoned Sutton and advised him that the suit had been instituted. Whereupon, a conference was arranged between Messrs. Monroe & Lemann, attorneys for the Misses Davis, Sutton, Virgin, and Marx for the purpose of effecting an amicable adjustment. A compromise was entered into, as a result of this conference, whereby Sutton was relieved from the obligations of the original contract of lease and he in turn canceled the sublease of Virgin in consideration of certain grants in favor of the lessors which are unimportant to the instant case.

Mr. Marx claims that, at the conference above referred to, he represented Sutton and was successful in having Sutton's difficulties adjusted to the latter's benefit. He testifies that, when he telephoned Sutton advising the latter that suit had been brought by the Misses Davis on the contract of lease, Sutton said: "See what you can do for me." He further states that, on the same day, he communicated with the office of Monroe & Lemann, attorneys for the Misses Davis, and arranged for the conference which resulted in the settlement of the suit.

Sutton, on the other hand, testified that he has never had Mr. Marx as his attorney, but that Mr. Alfred D. Danziger has always represented him in all legal matters. He further relates that he informed Mr. Virgin, in the presence of Mr. Marx, that any settlement had in the matter with respect to the Canal street property would be without expense to him. He states that it was his intention, in granting the sublease to Mr. Virgin, that he was neither to lose nor gain in the transaction and that he considered that Virgin was the real party in interest by reason of the latter's liability on the sublease.

It is conceded that, at all times prior to the final adjustment had between the Misses Davis, Sutton, and Virgin, Mr. Marx represented only Mr. Virgin. It is true that there is testimony in the record exhibiting that Mr. Marx acted as spokesman for Virgin and Sutton, in the compromise of the claim of the Misses Davis, and it is also certain that Mr. Marx was under the belief that Mr. Sutton had employed him to look after his (Sutton's) interests in that controversy. But these facts are insufficient to establish a contract of employment. We have no reason to doubt the veracity of Mr. Sutton's testimony when he says that he never at any time intended to employ Mr. Marx to represent him; that he had consulted with his lawyer, Mr. Danziger, with respect to the settlement of the claim of the Misses Davis; and that had he felt it was necessary, he would have required Mr. Danziger's attendance at the conference as his representative. It was obviously the duty of Mr. Marx, in view of the fact that he at all times previously represented Mr. Virgin, to make it clear to Sutton that he was (in the matter of the adjustment of the claim of the Misses Davis) representing Sutton in the transaction. This he failed to do.

In order to establish a contract, there must be a meeting of the minds of the parties, and in the case at bar plaintiff has failed to prove that Sutton either intended to, or actually did, employ him to perform legal services. As a matter of fact, immediately after the conference was had, plaintiff mentioned to Sutton that he owed him a fee and the latter vigorously protested that the plaintiff was not his lawyer.

It is well settled that the right of an attorney at law to demand payment for his services depends upon whether he was or not employed. He cannot recover from one who did not employ him however valuable the result of his services may have been to such person. See Forman v. Sewerage & Water Board, 119 La. 49, 43 So. 908, 12 Ann.Cas. 773. In Titche & Rogers v. People's Savings, Trust & Banking Co., 7 Orleans App. 148, we said:

"An attorney cannot recover from one who did not employ him, however valuable may be the result of his services as to such person, and it is not unusual that the services of counsel inure to the benefit of others than those who have employed them."

The evidence discloses, to our satisfaction, that Mr. Marx attended the conference, which resulted in the adjustment of the controversy between the Misses Davis, Sutton, and Virgin, primarily as the attorney for Virgin, and that, while he did render services redounding to the benefit of Sutton, he has failed to prove that Sutton employed him to perform work on his (Sutton's) behalf.

The judgment appealed from is therefore affirmed.

Affirmed.