FRUGÉ, Judge.
Plaintiff is an attorney who successfully represented a client in a tort action. He sues Travelers Insurance Company for attorney’s fees in the amount of one-third of the amount recovered by Travelers in an intervention in the tort action. The trial court rendered judgment in favor of the defendant and plaintiff appeals.
This suit is an outgrowth of Simmons v. Travelers Insurance Company et al., 295 So.2d 550 (La.App. 3rd Cir. 1974). In that case the plaintiff herein, Francis Mire, *94 represented Jack C. Simmons who was plaintiff in that case. The defendants, among others, were various executive officers of Nat G. Harrison Associates, Inc. and Travelers Insurance Company. Ultimately the plaintiff Simmons secured a large judgment against Mississippi Valley Structural Steel Company, Randolph M. Foster, and Travelers.[1]
During the course of that suit Travelers, who also provided workmen’s compensation insurance to Nat G. Harrison Associates, Inc., intervened to recover the compensation and medical expenses which it paid to Simmons. Eventually, Travelers recovered $21,026.62 on its intervention claim. The same attorney represented Travelers in both the intervention and its defense to the liability claim.
Under a contingency fee contract with Simmons, Mire, the plaintiff herein, received a fee of $94,820. This was one-third of the total amount collected on behalf of the plaintiff.[2] In this suit Mire contends that he is entitled to one-third of the amount paid to Travelers on its intervention claim.
In substance plaintiff alleges that the success of the intervention was due entirely to his own efforts, that Travelers took no steps to prosecute the intervention claim, but, in fact, attempted in every possible way to defeat Simmons’ entire lawsuit. Plaintiff therefore claims that Travelers was enriched by $21,026.62 through his efforts and through no effort of its own. He contends that it constitutes unjust enrichment for Travelers to .receive the benefit of his work without paying for it. Alternatively, plaintiff contends that he is entitled to recover under the “fund doctrine” or on the basis of quantum meruit.[3]
The trial court found as a matter of fact that the plaintiff’s factual contentions were proven. Travelers’ attorney merely filed the petition of intervention but did nothing to actively prosecute the claim. Plaintiff relied particularly on the cases of Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Co., 287 So.2d 544 (La.App. 3rd Cir. 1973); Chouest v. A & P Boat Rentals, Inc., 472 F.2d 1026 (5th Cir. 1973); and In Re Interstate Trust & Banking Co., 235 La. 825, 106 So.2d 276 (La.1958). As the trial judge recognized, the decisions in these cases do recognize that in some circumstances an attorney for one party may recover attorney’s fees from another party without the benefit of a contract of representation when the other party has benefited from the attorney’s services. However, the trial court found that none of the theories of recovery urged by plaintiff applied under the facts and granted judgment in favor of the defendant, Travelers.
We agree with the judgment of the trial judge and quote from his written reasons for judgment, as follows :
“However, there remains one significant distinction between the instant case *95 and those cited, including In Re Interstate Trust & Banking Co., 235 La. 825, 106 So.2d 276, that prevents plaintiff’s recovery. While there may be other distinctions, the one overriding distinction is that in each of the instances in which a party was required to pay a fee to an attorney it had not retained, the party had been benefited by the services of the attorney. In this case, that was not true. While it is true that it was solely through Mire’s actions that Travelers collected some $21,000.00, it is also true that it was solely through Mire’s actions that Travelers had to pay $100,000.00. I cannot apply the moral maxim of the law as stated in LSA-C.C.1965 that no one ought to enrich himself at the expense of another to this situation. Under any of the theories of recovery advanced, unjust enrichment, quantum mer-uit, or the fund doctrine, that criterion of benefit is essential.”
The trial judge went on to conclude that in the present case Travelers was hurt much worse by Mire’s actions in representing his client than it was helped. In actuality the result of Mire’s actions was a loss of Travelers rather than a benefit. The trial judge concluded that since the net results of Mire’s actions did not benefit Travelers the legal principles relied on by the plaintiff could not be applied. Finding no error on the part of the trial judge in applying the applicable law to the facts presented in this case, we affirm the judgment of the trial court.
For the reasons assigned, the judgment of the trial court is affirmed, at plaintiff-appellant’s cost.
Affirmed.
WATSON, J., concurs, feeling committed to the views expressed in Baron v. Peter, 286 So.2d 480 (La.App. 1 Cir. 1974), which are adverse to plaintiff’s theory.

. Travelers was held solidarity liable with Foster up to its policy limits of $100,000.

. The judgment in favor of Simmons was for $247,500.00
The total collected including interest was: $305,483.83
Travelers’ share of the judgment: -21,027.00
Total collected on behalf of plaintiff $284,356.83
Mire received a fee of one-third of $284,-356.83.

. To apply these principles to the present factual situation a benefit must be bestowed on Travelers. See Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974) and Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967)—unjust enrichment; In Re Interstate Trust & Banking Co., 235 La. 825, 106 So.2d 276 (1958) — fund doctrine; Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965)—quantum meruit.