339 So.2d 466 (1976)
Hal V. LYONS, Plaintiff-Appellee,
v.
CITY OF SHREVEPORT, Defendant-Appellant.
No. 13016.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
Rehearing Denied December 6, 1976.
Writ Refused February 3, 1977.
*467 John Gallagher, Roland J. Achee, James R. Malsch and Neil Dixon by Neil Dixon, Shreveport, for defendant-appellant.
Hal. V. Lyons, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 6, 1976.
HALL, Judge.
Hal V. Lyons, an attorney, sues the City of Shreveport for attorney's fees allegedly due for services rendered in a tort action brought by his client, an employee of the City, against a third party tort-feasor which action resulted in recovery by the City of workmen's compensation benefits and medical expenses paid to and for the employee. Relying on the holding of the Third Circuit in Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Company, 287 So.2d 544 (La.App.3d Cir. 1974) writ refused ("Judgment not final"), 290 So.2d 908 (1974), the district court awarded plaintiff $1,500. Defendant appealed and plaintiff answered the appeal.
On original hearing before a three-judge panel of this Court, a majority of the panel was of the opinion the judgment should be reversed, with one judge dissenting. Pursuant to Art. V, § 8(B) of the La.Const. 1974, the case was assigned for reargument before a panel of five judges.
*468 For the reasons expressed in this opinion, we reverse the judgment of the district court and deny recovery of attorney's fees under the circumstances presented in the instant case.
Plaintiff's client, Paul Morgan, was a police officer employed by the City of Shreveport. In August, 1972, Morgan was injured in an automobile accident unrelated to his employment. Morgan, represented by plaintiff, filed suit in December, 1972, against American Motorists Insurance Company for injuries allegedly received in the August accident.
In February, 1973, Morgan was injured in another automobile accident while in the course and scope of his employment with the City. In May, 1973, Morgan, represented by plaintiff, filed suit against Commercial Union Insurance Company and others for damages arising out of the February, 1973 accident. The petition filed in this suit alleged that Morgan was being paid workmen's compensation benefits by the City and that the City would be entitled to recover benefits paid by it. At some point in time after the suit was filed, plaintiff furnished the City Attorney a copy of the petition. The City, represented by an Assistant City Attorney, filed a petition of intervention pursuant to LSA-R.S. 23:1102 in December, 1973, seeking recovery of compensation benefits paid to Morgan.
There was a dispute as to which accident caused the bulk of Morgan's injuries, which were serious and disabling. The case against American Motorists was tried in the fall of 1973, and a decision was rendered in April, 1974, awarding Morgan damages, but in effect, attributing most of his injuries to the second accident.
Upon being furnished a copy of the decision in the American Motorists suit, the attorney for Commercial Union in the second suit, being of the opinion there was no question as to liability, recommended to his company that a settlement offer be made of close to its policy limits of $25,000. Commercial Union agreed to pay $23,500 and this offer was ultimately accepted by Morgan and the City.
In order for the settlement to be accomplished, it was necessary that Morgan and the City agree on the amount to be recovered by the City. The City claimed $14,201.50, which included full wages paid to Morgan for the several months he was away from work. Plaintiff, as Morgan's attorney, insisted that the City was only entitled to recover compensation benefits paid and not full wages paid. Plaintiff negotiated with the Assistant City Attorney and prevailed in his position resulting in the City accepting $10,222 as reimbursement for compensation benefits paid by it and in final settlement of Morgan's compensation claim against the City.
The workmen's compensation settlement proceedings were prepared by the Assistant City Attorney and were filed in court. The settlement papers in the tort suit were prepared by the attorney for Commercial Union and were handled between plaintiff and the Assistant City Attorney. The settlement was concluded May 31, 1974, and the instant suit for attorney's fees was filed the same day. There was never any discussion between plaintiff and the City's representatives concerning plaintiff's claim of a fee prior to plaintiff's filing suit.
Substantially all of the negotiations with the attorney for Commercial Union in the tort suit were handled by plaintiff. The attorney for Commercial Union had very little contact with the City's attorney. There was some contact between City officials and the defendant insurance company consisting of correspondence, forwarding bills and the like. Although efforts by the City's officials and its attorney were not extensive, the City's claim was actively and effectively pursued by the City's representatives.
Plaintiff's prosecution of the tort action against Commercial Union was eminently successful, but it did not actually require unusually extensive work on his part after the decision was rendered in the other suit, liability being virtually conceded and damages being clearly in the range of the policy limits. There was no question that the amount of recovery would be in excess of *469 the amount claimed by the City and the negotiations between plaintiff and the attorney for the insurance company related primarily to the amount of excess to be recovered by Morgan over and above the amount to which the City was entitled. It is apparent and was conceded on oral argument that plaintiff performed no services on behalf of the City or for the City's benefit beyond those he would have performed in any event on behalf of his client, Morgan.
Plaintiff's contingent fee agreement with Morgan was for one-third of the amount recovered by Morgan. The amount recovered by Morgan was $13,278 and plaintiff's fee paid to him by Morgan out of his recovery was $4,429.
Plaintiff claims that the City was benefited by his efforts to the extent of $10,222 and he is entitled to recover a fee from the City of one-third of the amount received by the City or $3,407.33. The district court awarded $1,500 as the reasonable value of the plaintiff's services to the City.
The general rule is that an attorney is not entitled to receive compensation for his services from anyone other than his client. The right of an attorney to collect fees is based upon contract, regardless of the value and benefit others have derived from his services. Succession of Guichard, 225 La. 315, 72 So.2d 744 (1954); Succession of Russell, 208 La. 213, 23 So.2d 50 (1945); Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Company, supra; Baron v. Peter, 286 So.2d 480 (La.App. 1st Cir. 1973); Marx v. Sutton, 176 So. 883 (La.App.Orl.Cir. 1937). It is not unusual for one party to a lawsuit (and the party's attorney) to benefit from the efforts of another party to the suit (and the party's attorney) where the parties have common interests. In such instances, there is ordinarily no legal basis for the attorney who takes the lead to recover a fee from the less active party in the absence of a contractual agreement therefor.
Courts, however, have made exceptions to the general rule under unusual circumstances which bring the situation under principles of negotiorum gestio, quantum meruit, unjust enrichment, quasi-contract, or the fund doctrine. Such cases as Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965) and In re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276 (1958), while authority for the proposition that an attorney can occasionally recover from one not his client, involve very unusual circumstances. These cases involved extensive efforts by the attorney lasting over a period of years. The persons who eventually benefited by the attorney's labor did not participate in these efforts, and they never would have recovered were it not for these efforts. The attorney purported to act on behalf of those benefited. Finally, these cases were in the nature of class actions, which are now governed by LSA-C.C.P. Arts. 591 et seq., providing for attorney's fees to be paid from the recovery on behalf of the class.
The instant case is easily distinguishable from those unusual cases. There was no showing of extensive efforts by plaintiff on behalf of the City of Shreveport which compared with the efforts of the attorneys in the above cases. The City's attorney participated in the lawsuit to the extent of filing an intervention, and the intervention, together with some negotiation of the amount of the City's recovery, were the only acts necessary to assure the City's recovery. Plaintiff did not purport to represent the City at any time. In negotiating the amount of recovery by the City plaintiff's position and efforts were adverse to the City. In summary, there are no circumstances setting this case apart from the ordinary workmen's compensation third party tort action.
The Broussard case, supra, relied on by plaintiff and by the trial judge, deserves careful consideration since an exception to the general rule was recognized under allegations of fact similar to (but distinguishable from) the facts established in the instant case. A law firm which successfully represented the employee in an action against a third party tort-feasor resulting in recovery of compensation benefits paid *470 by the employer's insurer sued the insurance company for an attorney's fee. The trial court sustained the employer's exception of no cause of action but the Court of Appeal, Third Circuit reversed, overruled the exception and remanded the case for trial. The appellate opinion reflects the plaintiff law firm's petition contained the following allegations of fact: (1) plaintiff represented the employee in a suit against the negligent third party in which a recovery of $13,000 was allowed; (2) the compensation insurer of the employer intervened in the tort action and recovered $7,336.16 benefits paid to the employee; (3) the employee recovered $5,663.84; (4) plaintiff's one-third contingent fee based on the amount recovered by its client was $1,887.95; (5) the result was obtained through the efforts of the plaintiff law firm; (6) the insurance company was enriched by the amount received and it would constitute unjust enrichment for the insurance company to accept the benefits of plaintiff's work without paying for same; (7) the insurance company relied on plaintiff to prosecute the claim and did little or nothing toward the actual preparation and prosecution of the insurance company's demand; and (8) expenses of the suit were paid by the plaintiff law firm for which it was never reimbursed.
In Broussard, the court recognized the general rule against recovery of attorney's fees from one other than a client and recognized the exceptions made in the Albarado and Interstate Trust cases. Noting that considerations inherent in quantum meruit, quasi-contract and unjust enrichment have much in common, it was also observed that the distinctions between quantum meruit and quasi-contract have long been clouded by repeated interchangeable references to both theories. The court confined its inquiry to the Civil Code articles on quasi-contracts, LSA-C.C. Arts. 2292, 2293, 2294, 2295 and 2299. The court held that plaintiff should not be denied an opportunity to prove its entitlement to a fee.
Plaintiff's allegations and the holding of the court in Broussard are summarized in the following paragraph from the court's opinion:
"Broussard, Ltd. has alleged that State Auto has relied on Broussard, Ltd.'s services, that State Auto has benefited from the undertaking, and that Broussard, Ltd. has rendered services and incurred certain unpaid expenses pursuant to this undertaking. These allegations state a cause of action based on quasi contract."
The court further emphasized the allegations that the defendant did little or nothing toward the actual preparation and prosecution of the insurance company's claim, holding that whether the defendant took substantial steps toward acquisition of its judgment is a crucial factor deserving a trial on the merits.
The holding in Broussard, which stands alone in the jurisprudence in allowing recovery of an attorney fee from one with whom the attorney had not contracted under facts anywhere close to those of the instant case, does not mandate recovery by the attorney in the instant case. First, the decision in Broussard reversed the sustaining of an exception of no cause of action and remanded the case for trial. The court held only that:
"Broussard, Ltd. should not be denied its opportunity to prove its entitlement to a fee, particularly where the Supreme Court has indicated that under certain circumstances such fees are allowable."
Secondly, the allegations of fact in Broussard considered as proven for purposes of the exception, were much stronger than the facts proven in the instant case. There were strong allegations of "reliance" by the defendant on the efforts of the attorney, an undertaking by the attorney that benefited the defendant, little or no participation by the defendant in the prosecution of the suit, and incurrence of unreimbursed expenses by the attorney. The facts alleged show a relatively small fee received by the attorney from his client for the attorney's work in the case.
In the instant case, the evidence does not support a finding that the City "relied" on the plaintiff to prosecute the *471 City's claim. The plaintiff did not undertake to represent the City or prosecute its claim. Although the City's efforts in furtherance of its claim were not great, they were adequate under the circumstances and the efforts of plaintiff were not extensive either. In a material respect, plaintiff's efforts were adverse to the City. In the words of LSA-C.C. Arts. 2294 and 2295, plaintiff did not undertake "the transaction of another's business" nor did he "undertake of his own accord, to manage the affairs of another." Plaintiff is not entitled to recover under the Civil Code articles on quasi-contract.
Neither is plaintiff entitled to recover under other equitable principles recognized in Louisiana law, whether termed unjust enrichment, quantum meruit, fund doctrine or otherwise. The requirements for recovery under unjust enrichment were enunciated by the Supreme Court in Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967) and again applied in Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974). The five requirements are (1) enrichment; (2) impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment and impoverishment; and (5) no other remedy at law. Minyard indicates that the first four requirements apply to all quasi-contract suits. The requirements were applied in a suit for an attorney fee under facts similar to Broussard and the instant case, Mire v. Travelers Insurance Company, 318 So.2d 93 (La.App. 3d Cir. 1975). The Third Circuit, citing Edmonston, refused to apply its decision in Broussard where it was shown that the defendant compensation insurer had not actually been benefited (enriched) by the attorney's efforts.
In the instant case, at least the second requirement for recovery is lacking. Plaintiff suffered no "impoverishment." He did not perform any services or incur any expense for the City that he would not have performed for his client in any event. He was adequately compensated for his services rendered to his client.
Impoverishment as a requirement of recovery under equitable principles finds its source in the language of LSA-C.C. Art. 1965 which espouses "the moral maxim of the law that no one ought to enrich himself at the expense of another." (Emphasis supplied to quotation). If the City was enriched in this case, it was not at the "expense" of plaintiff.
Baron v. Peter, supra, is another recent case denying recovery of an attorney fee claimed under equitable principles. The general rule was applied.
The decision in the instant case in no way conflicts with the principle that the Workmen's Compensation Act should be liberally construed to benefit the employee. To allow the employee's attorney to collect a fee from the employer, over and above the entirely adequate fee he has already collected from the employee, would not in any way benefit the employee. It would not reduce the employee's expense of pursuing his claim, nor would it prorate the expenses between the employee and employer, which might be an admirable policy or objective, but for which there is no provision in the Louisiana Workmen's Compensation statute. This conflict is not between the employer and the employee, but rather between the employer and the employee's attorney.
Courts of other states which have considered the question of attorneys fees in suits against third parties by an injured employee who has received workmen's compensation benefits which result in recovery by the employer of benefits paid, have reached varying results under the particular statutes, laws and jurisprudence of those states. The workmen's compensation statutes of some states specifically deal with the matter in varying ways. The cases and statutes are discussed in Larson's Workmen's Compensation Law, § 74.32.
As noted in Baron v. Peter, supra, allowance of attorney's fees against one who has not contracted with the attorney may raise ethical questions related to solicitation of *472 legal business. Allowance of attorney's fees to the attorney for an employee against the employer or the employer's compensation insurer in third party tort-feasor actions may also raise ethical questions related to conflict of interests. These considerations are noted, not in reference to plaintiff's efforts in this case which were carried on in the highest degree of professional ethics and skill, but as important reasons for application of the general rule and limited application of exceptions only in unusual circumstances.
The holding of this Court is that under the circumstances of this case, the plaintiff-attorney is not entitled to recover a fee from the employer of his client for services rendered by the attorney in a tort action brought against a third party tort-feasor resulting in recovery by the employer who intervened in the action, of workmen's compensation benefits paid the employee.
For the reasons assigned, the judgment of the district court is reversed and there is judgment in favor of defendant, City of Shreveport, against plaintiff, Hal V. Lyons, rejecting plaintiff's demands. Costs of the proceedings, including cost of appeal, are assessed to the plaintiff.
Reversed and rendered.
MARVIN, J., dissents and assigns written reasons.
JONES, J., dissents and concurs in the written reasons of MARVIN, J.
MARVIN, Judge (dissenting).
These type cases arise because an employee is injured by a tortfeasor while in the course and scope of his employment and is paid workmen's compensation benefits by his employer or the employer's insurer. The employee's attorney then pursues the damage claim. The employer also has a claim against the tortfeasor for amounts paid the employee under the workmen's compensation law. The eventual settlement or satisfaction of judgment against the tortfeasor produces a fund from which both the employee and employer share.
In Broussard, cited in the majority opinion, the issue was squarely presented as to whether an employee's attorney, as a matter of law, could recover compensation from an employer in such cases who had benefited from the services of the employee's attorney, and notwithstanding that the employee's attorney had not contracted with the employer. Broussard answered in the affirmative and the Supreme Court denied writs in 1974.
In Mire v. Travelers Insurance Company, 318 So.2d 93 (La.App.3d Cir., 1975), the particular circumstances did not warrant application of the Broussard pronouncement, but the pronouncement was again recognized. The court said ". . . in some circumstances an attorney for one party may recover attorney's fees from another party without the benefit of a contract of representation when the other party has benefited from the attorney's services." Our highest court again denied writs. 322 So.2d 775 (La.1975).
In Broussard, the court expressly noted the allegation that the compensation carrier's attorney did "little or nothing towards the actual preparation and prosecution of [its] demand [against the tortfeasor]." The court then said:
"Whether or not [the compensation carrier] took substantial steps towards the acquisition of its judgment is a crucial factor deserving a trial on the merits." 287 So.2d 549. (Emphasis ours).
It had earlier said:
"To say that one has intervened does not necessarily mean that adequate steps were taken toward the prosecution of its demand." Ibid., pp. 548-549.
The statement of the majority in this case that the employee's attorney:
". . . performed no services on behalf of the City or for the City's benefit beyond those which he would have performed in any event on behalf of his client, Morgan,"
is legally unfounded and totally irrelevant and outside the issue or test established in *473 Broussard. If we follow Broussard, as we should, the issue or test here should be:
Whether or not the City took substantial steps in its intervention toward the acquisition of the settlement in its favor.
Here the attorney for the tortfeasor's insurer corroborated the testimony of the employee's attorney to the effect that practically all of the work in bringing the two cases to a conclusion was done by the employee's attorney and that there was virtually no contact with the City's attorney.
Because the employee here sustained two accidents negligently inflicted, each tortfeasor's insurer attempted to attribute most of the employee's disability to the other tortfeasor. The case that the employee's attorney tried and obtained a $3,000 judgment, opened the door for the eventual settlement in the other case because it was then apparent that the disability was attributable to the second accident which occurred while the employee was in the course and scope of his employment.
The employee's disability exposed the City to workmen's compensation liability of approximately $25,000. The damage claim against the tortfeasor was perhaps worth more, but the liability insurance coverage was only $25,000. While the City actually paid full wages until the tort claim was resolved, only $10,222 was due to have been paid to or for the employee under the compensation law. The negotiated settlement of $23,500 with the tortfeasor apparently achieved substantial justice but did involve these multi-faceted and overlapping problems which had to be overcome.
The City was paid its workmen's compensation obligation of $10,222 by the liability insurer in the settlement and obtained a full and final release of a total disability workmen's compensation claim without its attorney having exerted any substantial effort. This satisfactory result was produced almost wholly by the employee's attorney.
The employee's attorney sued the City for one-third of the $10,222 the City received. The trial court considered all of this, and especially considered the scant efforts made by the attorney for the City [applying the Broussard test], and concluded:
"The court finds that the City . . . took no material [substantial] steps . . . towards producing the fund of which it became part beneficiary."
The trial court then said the City is liable to the employee's attorney, not for one-third of $10,222, but for "adequate compensation" based on quantum meruit, and allowed $1,500.
Each of these type cases will have to depend on its peculiar facts. But there is nothing wrong with applying Broussard, its holding, or its reasoning to the facts of this case. Instead, the majority attempts to distinguish Broussard and declares that the efforts of the employee's attorney "in a material respect . . . were adverse to the City"!!!
Where the efforts of an attorney for an employee against a tortfeasor inure to the benefit of an employer or compensation carrier, the employee's attorney is entitled to a reasonable fee in quantum meruit from the settlement or judgment received by the employer or compensation carrier, unless the employer or compensation carrier has taken substantial steps in acquiring its settlement or judgment against the tortfeasor. This is the rule of Broussard, tacitly approved on two occasions by our Supreme Court as mentioned.
In this case, substantial justice was done below in applying the rule. The judgment below should be affirmed.
I respectfully dissent.