KLEES, Judge.
Plaintiffs in this action are the attorneys and their clients who were successful in a personal injury suit. They seek attorneys fees of 40% of an amount recovered by defendant, Sears, pursuant to an intervention filed in the personal injury suit. From an award of $8,000.00 in favor of Plaintiffs, Sears appeals.[1]
Brenda and Joseph Pisciotta, plaintiffs herein, represented by George J. Roux and Marvin C. Grodsky, also plaintiffs herein, brought suit against various executive officers of Sears, among others. In due course a final judgment was secured against one of Sears executive officers and other defendants. Sears, successfully intervened in this action and recovered $20,494.01 in workers’ compensation; the same attorney who defended Sears executive officers also represented Sears in its intervention.
Defendants contend the trial court erred in awarding plaintiffs legal fees out of the amount recovered in the intervention. Plaintiffs, on the other hand, argue that Sears did nothing to recover on behalf of plaintiffs and intervenors other than to register its claim by filing a single pleading, the petition of intervention, and in fact actively opposed and attempted to defeat the plaintiffs’ claim. Plaintiffs claim that because the judgment secured a “fund”, which inured to Sears benefit and allowed it to recoup the compensation paid out, they should collect attorneys ' fees from this amount under concepts of unjust enrichment, quasi-contract or quantum meruit.
There have been several cases in this State which have confronted the issue raised in this appeal.
In Lyons v. City of Shreveport, 339 So.2d 466 (La.App. 2nd Cir. 1976), writ refused 341 So.2d 905 (La.1977) the evidence showed no extensive effort by plaintiffs on behalf of the city, which had intervened for recovery of compensation benefits paid; showed no reliance by the city on plaintiff’s efforts, and indicated that the parties’ positions and efforts were at least in some sense, adverse. Under those considerations, the court found that no recovery could be had under any of the conceivable theories, including negotio-rum gestio, unjustified enrichment, quantum meruit, or the fund doctrine. After a learned discussion of the law, the court concluded that: *549 Plaintiffs have relied on Broussard, Broussard & Moresi, Ltd., v. State Auto & Casualty Underwriters, 287 So.2d 544 (La.App. 3rd Cir. 1973), writ ref., 290 So.2d 908 (La. 1974), and it is indeed, the only jurisprudence in Louisiana favorable to their position. However, the decision does no more than to reverse a trial court determination that a petition for quantum meruit attorney’s fees stated no cause of action and to remand the matter for trial. The Brous-sard court found specifically that the petition for attorney’s fees alleged “that State Auto merely intervened pursuant to its statutory authorization to proceed, and relied on Broussard, Ltd., to prosecute the claim, doing little or nothing towards the actual preparation and prosecution of State Auto’s demand.”
*548 “Under the circumstances of the case, the plaintiff-attorney is not entitled to recover a fee from the employer of his client for services rendered by the attorney in a tort action brought against a third party tort-feasor resulting in recovery by the employer who intervened in the action, of workmen’s compensation benefits paid the employee.”
*549 Broussard was discussed in detail and thoroughly distinguished by Lyons v. City of Shreveport, supra.
In Mire v. Travelers Insurance Company, 318 So.2d 93 (La.App. 3rd Cir.), writ ref, 322 So.2d 775 (La.1975), the same attorney represented executive officer defendants on behalf of Travelers and intervened on Travelers’ behalf to recover amounts paid under a separate policy covering the insured’s workmen’s compensation exposure. Approving the trial court’s reasons, the court noted that the overriding distinction between the case before it and other cases where quantum meruit attorney’s fees had been allowed was that the party from whom the fees were sought had been benefited by the services of the attorney. In the Mire case, Travelers had recovered on $21,000 on its intervention but had been made to pay $100,000 on its public liability policy. The court concluded that under the circumstances Travelers had not been enriched, so that recovery on a quasi contractual basis would not be possible. The very allegations in this case are to the effect that Sears’ interests were adverse to those asserted by petitioners in the tort suit. The proof and findings bear those allegations out.
The only conceivable theory upon which recovery could be granted in this case is that of unjustified enrichment. Any discussion of that theory begins with an assessment of the plaintiff’s impoverishment. See Lyons v. City of Shreveport, supra. Here, we find that plaintiffs suffered no impoverishment, it being their admission that they went to no additional expense or effort because of the intervention. The trial court suggests that impoverishment may occur on withdrawal of a compensation lien from the total award in a personal injury suit and the concomitant reduction in attorneys fees. But such a withdrawal cannot by any means serve as actionable impoverishment, for it was stipulated that plaintiffs’ 40% fee was to be based upon the recovery. Neither the original plaintiffs nor their attorneys ever had a property right in the personal injury recovery except insofar as it exceeded an amount necessary to provide reimbursement to Sears of compensation benefits already paid. La.R.S. 23:1103.
We are additionally convinced of this position in the language expressed by the United States Supreme Court on an analogous issue under the Longshoremen’s and Harbor Workers’ Compensation Act, Bloomer v. Liberty Mutual Insurance Co., 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980). The court ruled that a stevedore is, under the legislation, never required to make any contribution toward an injured longshoreman’s legal expenses in prosecuting a negligence action against a third party.
“Finally we return to the original basis for the rule that a stevedore should not be required to pay a portion of the longshoreman’s expenses in his suit against the ship owner. The compensation award was intended to be an immediate and readily available payment to the injured longshoreman. By receiving this payment, the longshoreman was not for-closed from pursuing an action against the ship owner. At the same time he was not entitled to double recovery, and the stevedore would be reimbursed in full for his compensation payment. The result we reach enables the longshoreman to recover an amount no less than that which he would receive through an ordi *550 nary negligence action, and also immunizes the stevedore from liability in connection with the third-party action. If we were to accept the petitioner’s view, an injured longshoreman would unti-mately receive a sum equal to the full amount of his recovery against the ship owner, and in addition, a supplement consisting of the stevedore’s contribution to the longshoreman’s legal expenses. This supplement would represent a windfall in excess of the amount the longshoreman received as compensation for the injuries he suffered.”
Where Sears’ intervention has put plaintiffs to no additional expenses or effort, and where there is no showing that plaintiffs or their attorneys would not have prosecuted Mrs. Pisciotta’s claim for the net recovery actually received or for the fee received by the attorney plaintiffs out of the net recovery, such an additional contribution by Sears as has been suggested is wholly unwarranted.
Accordingly, for the reasons assigned, the judgment of the trial court is reversed and there is judgment in favor of defendants, Sears, Roebuck and Company against plaintiffs Brenda Pisciotta, et al., rejecting plaintiffs’ demand. Costs are assessed to the plaintiffs.
REVERSED AND RENDERED.

. The judgment was in favor of the attorneys only.