STOKER, Judge.
In this case we are called upon to decide this question: In a suit for damages for personal injuries sustained by an injured worker in which the worker and his attorney have a contract for payment of attorney’s fees on a contingent fee basis, and in which there is an intervention by a worker’s compensation carrier seeking reimbursement of worker’s compensation benefits paid to the injured plaintiff worker, may the worker’s attorney claim a contingent fee on the entire recovery, including the portion which by law is to be paid to the compensation carrier by preference and priority, where the attorney has no contract with the carrier?
In this case the trial court held the work-. er’s attorney was entitled to be paid his one-third contingent fee based on the entire judgment, together with the attorney’s costs. We reverse.
FACTS
As recounted in 433 So.2d 833, Sammy Lee Moody sued various parties for injuries received while he was operating his employer’s pickup truck. The employer’s worker’s compensation carrier was Commercial Union Assurance Company (Commercial Union). Commercial Union intervened in Moody’s suit to recover worker’s compensation benefits it paid to Moody. A jury found for Moody against one of the defendants and a judgment for $60,000 was entered. The judgment recognized Commercial Union’s claim in the amount of $35,401.22 and ordered this sum be paid to Commercial Union out of Moody’s $60,000 award. We affirmed the judgment in Moody v. Arabie, 433 So.2d 833 (La.App. 3d Cir.1983), and our judgment ultimately became final.
The only party held responsible in the plaintiff’s suit was Francis Camel Construction, Inc. After the judgment became final, the insurer of Francis Camel Construction, Inc. sent a check for $82,303.72 to plaintiff’s counsel made payable to Sammy Lee Moody and his attorney, Lawrence H. Curtis, and Commercial Union Assurance Company and its attorney, James Pete. The check was accompanied by a receipt and release or satisfaction of judgment. A dispute arose as to how the proceeds of the check should be distributed.
Commercial Union brought a rule to show cause, entitled “Motion To Enforce Judgment.” Commercial Union alleged that it had not been reimbursed for compensation benefits paid to Moody, although the judgment provided that it should be paid its share of the judgment by preference and priority. The court signed an *662 order directed to plaintiff to show cause why Commercial Union “should not be reimbursed by preference and priority for the total amount of weekly benefits and medical benefits heretofore paid, along with judicial interest.”
The record before us indicates that the funds represented by a check for $82,-303.72 were placed in the registry of court. We find no pleadings following the issuance of the show cause order; however, plaintiff’s attorney filed a memorandum which is in the record, styled “Plaintiffs Memorandum in Opposition to Intervenors Motion to Enforce Judgment.” In this memorandum plaintiffs counsel takes the position that the order of priority with respect to the distribution of the judgment proceeds in the registry of court should be: first, plaintiffs attorney; second, Commercial Union; and third, plaintiff. Plaintiffs counsel bases his position on the provisions of LSA-R.S. 9:5001 which states:
“A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.”
TRIAL COURT ACTION
The trial court held a hearing on the motion to enforce judgment on October 24, 1983 and handed down a judgment on the matter on March 5, 1984. Plaintiffs attorney filed with the trial court an itemized claim of litigation expenses totaling $20,-497.23. The judgment ordered “that plaintiffs counsel be awarded 33V3rd (thirty-three and one-third) percentage of the total verdict rendered herein, including judicial interest, and that plaintiff be allowed' $5,898.49, in expenses.” It is from this judgment that Commercial Union appeals.
In a memorandum filed on behalf of Commercial Union on October 31, 1983, counsel asserted that Commercial Union had then paid total compensation benefits to Moody in the amount of $49,286.23 and that interest was due on this amount.
According to the trial court’s judgment the distribution of the funds of $82,303.72 should be as follows:
Contingent fee due plaintiffs attorney $27,434.57
Reimbursement of litigation fees to be paid plaintiffs attorney 5,898.49
Reimbursement to Commercial Union for compensation benefits paid 48,970.66
$82,303.72
On this basis Commercial Union would recover all but $312.57 claimed as of October 31, 1983. Interestingly, under the trial judge’s conclusions, the plaintiff himself receives nothing while his attorney receives a fee of over $27,000.
ISSUES ON APPEAL
The recitation of facts set forth above brings us to the two issues in this appeal asserted by Commercial Union. The first issue is contained in the assertion that the trial court was without authority to make an award for attorney’s fees and litigation costs in this proceeding, as the issue was not before the court. The second, and perhaps more basic issue, is whether plaintiff’s counsel is entitled to an attorney’s fee based on the total amount of the judgment grounded on the privilege for attorney’s fees and litigation costs despite the provisions of LSA-R.S. 23:1103 of the Worker’s Compensation Law which provides that the claims of employers for reimbursement “shall take precedence over that of the injured employee or his dependent.”
We are inclined to agree with appellant that a serious question is posed as to whether the claim for attorney’s fees and litigation costs was properly before the court. However, in view of the error we find in the trial court’s apparent construction given to LSA-R.S. 9:5001, we need not consider that question.
DISTRIBUTION OF THE FUND
The matter which was before the court was the show cause order issued upon the application of Commercial Union. That order required plaintiff to show cause why *663 Commercial Union should not be reimbursed the amount of its claim by preference and priority. The judgment in the personal injury suit provided for payment by preference and priority, which is in accordance with the law. This point of law is not in controversy. As we see the matter, the attorney’s fee privilege provided in LSA-R.S. 9:5001 which is given first rank has nothing to do with the case. It attaches only to that portion of the recovery which goes to the injured worker and has nothing to do with that portion which goes to Commercial Union to reimburse it for compensation paid to the injured worker.
The Worker’s Compensation Law provides that entitlement to and receipt of compensation shall not affect the right of the injured worker to seek recovery of tort damages from third persons responsible for the injuries. LSA-R.S. 23:1101. That section also provides that:
“B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.”
LSA-R.S. 28:1102 regulates matters between the injured worker and employer in proceedings to recover from third parties in order that one may not act to the detriment of the rights of the other.
LSA-R.S. 23:1103, which is the key statutory provision in this controversy, provides:
“§ 1103. Damages; apportionment of between employer and employee in suits against third persons; compromise of claims
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.”
The primacy of the claim of the employer or his carrier over the claim of the employee in suits against a third party is explicitly established by this statute. Through long application it is clear that only the excess of a tort recovery goes to the employee. Billeaud v. United States Fidelity & Guar. Co., 349 So.2d 1379 (La.App. 3d Cir.1977). See discussion in Sections 367-370, Malone and Johnson, Louisiana Civil Law Treatise, Workers’ Compensation. Here, however, plaintiff (or plaintiff’s counsel asserting a claim purely on his own behalf) does not attack this precept as between Commercial Union and plaintiff. What plaintiff’s counsel urges is that the privilege enjoyed by attorneys for their fees and costs under LSA-R.S. 9:5001 is a privilege which primes the employer’s (or the carrier’s) rights under LSA-R.S. 23:1103.
*664 The fallacy of this argument is that Moody’s counsel has no contract with Commercial Union. The latter was represented in the lawsuit against the third party by its own attorney. If Moody’s counsel has any rights to be paid for services incidentally rendered to Commercial Union, they must necessarily be based on some right other than contract and should be asserted in an action brought on such basis. A panel of this court has held that in such a situation an action to recover for legal services based on motions of quasi contract and quantum meruit states a cause of action. Broussard, Broussard & M., Ltd. v. State A. & C.U. Co., 287 So.2d 544 (La.App. 3d Cir.1973), writ denied, 290 So.2d 908 (La.1974). We do not in the case before us mean to express approval of the Broussard holding; and, moreover, to do so would perhaps constitute dicta. We mention the Broussard case for several reasons. The first is to emphasize the fact that plaintiff’s counsel can not assert a claim against Commercial Union, with which it has no contract rights, based on its contingent fee contract with plaintiff. The second reason we mention Broussard is to emphasize that, if plaintiff’s counsel asserts rights against Commercial Union, it must do so directly. Plaintiff’s counsel is not a party to these proceedings and has not intervened. However, if we were to construe the memorandum filed by plaintiff’s counsel in which he asserts a priority claim under LSA-R.S. 9:5001 (which is necessarily based on his contract with Moody) as a claim in quasi contract or unjust enrichment to be awarded on a quantum meruit basis, the claim would have to be proved.
The record before us relates only to the rule to show cause and contains nothing upon which we could judge the merits of a quantum meruit claim. Cases which have dealt with this type of claim in tort suits have demonstrated that recovery is not automatic. See Lyons v. City of Shreveport, 339 So.2d 466 (La.App. 2d Cir.1976), writ denied, 341 So.2d 905 (La.1977); Mire v. Travelers Insurance Company, 318 So.2d 93 (La.App. 3d Cir.1975), writ denied, 322 So.2d 775 (La.1975); Pisciotta v. Sears, Roebuck & Co., 413 So.2d 547 (La.App. 4th Cir.1982), writ denied, 419 So.2d 1246 (La.1982). In short, if a quantum meruit recovery in these types of cases may be maintained based on quasi contract or unjust enrichment, the attorney’s claim must establish the facts of his case. In the case before us we have no facts.
We are constrained to observe that while in practice the injured worker’s attorney who brings a personal injury suit against a third party usually acts as lead attorney, the employer or its carrier usually has its own attorney who participates in the case. Considering the possibility that the plaintiff may settle his case before trial, the attorney representing the employer' or carrier must be prepared to go forward and conduct the trial in order to establish the claim to reimbursement. Counsel for Commercial Union argues that he was so prepared. In short, aside from the fact that plaintiff's attorney is probably not properly before the court, the record contains no evidence to establish a quantum meruit claim in his behalf.
At this point we may summarize. Whatever may be the theoretical basis of the employer’s or compensation carrier’s right of recovery, it exists. See Malone and Johnson, supra, Section 370, page 183. The right to recover reimbursement is conditioned, of course, upon the basic right of the employee to recover damages for which the tort-feasor is liable. Gentry v. Pugh, 362 So.2d 1154 (La.App. 2d Cir.1978), writ denied, 363 So.2d 922 (La.1978), and Bell v. Carolina Casualty Insurance Company, 227 So.2d 171 (La.App. 2d Cir.1969), writ denied, 255 La. 151, 229 So.2d 733 (1970).
The right of the employer or carrier to recover its outlaly in compensation on behalf of the injured worker must be paid by preference and priority as established by the Worker’s Compensation Law and the jurisprudence. The privilege granted attorneys and the first rank granted to attorneys by LSA-R.S. 9:5001 is effective only against the portion of the recovery which falls to the injured worker after the *665 employer or carrier has been first reimbursed in full for everything which has been paid in compensation benefits down to the very moment of reimbursement. LSA-R.S. 9:5001 has nothing whatsoever to do with the rule to show cause which was before the trial court. The matter of payment of plaintiffs attorney and reimbursement of the attorney’s litigation expenses as between the attorney and plaintiff Moody is not involved in the rule to show cause.
CONCLUSION
We have perhaps gone to greater lengths than may be necessary in setting forth the principles discussed. We have done so for the following reasons.
In view of the opinions we have stated, we must reverse the trial court’s judgment on the rule to show cause. We have concluded that a remand for further proceedings in the trial court are more appropriate than for us to attempt to frame a judgment. This is so because the record indicates that the funds derived from the settlement check are in the registry of court, and it may well be that a resolution of this matter will require evidence of the amount of compensation benefits which shall have been paid since the judgment was rendered in the tort suit (dated April 1, 1982) and such date as final resolution in the future shall be made. Conceivably, upon remand the parties may amicably compose their differences and jointly petition the court to authorize the clerk of court to disburse the funds according to the amicable agreement. If this does not occur, Commercial Union is entitled to have its rule to show cause reconsidered by the trial court. In either case, we have deemed it appropriate to be more explicit than might ordinarily be necessary.
As we held in Billeaud v. United States Fidelity & Guar. Co., supra, an intervenor, such as Commercial Union in this case, is entitled to be reimbursed the amount it has expended up to the date of trial, as well as sums expended subsequent to trial. In fact, the judgment of April 1, 1982 provided that “Commercial Union Assurance Company be reimbursed, by preference and priority, out of the Judgment rendered in favor of Sammy Lee Moody and against Francis Camel Construction, Inc., the sum of $35,401.22, plus any amounts in compensation benefits that it may pay to Sammy Lee Moody until the Judgment is paid, said amounts bearing interest from date of judicial demand.” (Emphasis supplied.) As we have pointed out, the amount of $85,401.22 was valid at the time of judgment (or trial) but continued payments by Commercial Union would periodically increase the amount of reimbursement due.
For the foregoing reasons we reverse and set aside the judgment of the trial court appealed herein dated March 5, 1984, and signed August 30, 1984, which dealt solely with the claim of plaintiff’s attorney for his fees and expenses. The case is remanded to the trial court with instructions to reconsider the rule dated October 5, 1983, by which plaintiff was ordered to show cause why Commercial Union should not be reimbursed by preference and priority for the amount of its claim. The ruling and judgment of the trial court shall be in conformity with the views expressed herein.
The costs of this appeal are assessed to plaintiff and defendant in rule, Sammy Lee Moody.
REVERSED AND REMANDED.