433 So.2d 833 (1983)
Sammy Lee MOODY, Plaintiff-Appellant-Appellee,
v.
Edward L. ARABIE; N.T.C. Chemical Company, and Aetna Casualty and Surety Company, Commercial Union Assurance, Defendants-Appellants.
No. 82-707.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Rehearing Denied July 14, 1983.
*834 Voorhies & Labbe, William M. Bass, Lafayette, for defendant-appellant.
Lawrence N. Curtis, Lafayette, for plaintiff-appellee.
Howard W. Martin, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, James L. Pate, Lafayette, for defendant-appellee.
Before DOMENGEAUX, FORET and CUTRER, JJ.
CUTRER, Judge.
The question presented on this appeal is whether either Sammy Moody or Edward Arabie, drivers of the colliding vehicles, were negligent in causing the accident which resulted in personal injuries to Moody.
Moody was operating his employer's pickup truck when it was struck from the rear by a truck driven by Arabie and owned by his employer, N.T.C. Chemical Company (N.T.C.). The accident occurred on the Evangeline Thruway in Lafayette, Louisiana, just north of the intersection of the thruway and Pinhook Road. Moody and Arabie were proceeding north on the three lane thruway. As they came around a curve just north of the intersection they noticed that the inner (left) lane was blocked by two dump trucks, owned by Camel Construction Company, Inc. (Camel Construction). The trucks were parked in the left lane performing repair work at an intersection. The traffic in the left lane was having to merge with traffic in the center and right lanes, causing a "bottleneck" and the stopping of traffic in the center lane. In an attempt to avoid each other, Moody and Arabie changed into the left lane at the same time, with Arabie's truck striking the rear of Moody's pickup. Moody was injured as a result of the accident.
Moody brought suit for personal injuries against Arabie; N.T.C., owner of the truck, and its liability insurer, Aetna Casualty & Surety Company (Aetna); and Camel Construction. Third party demands were filed among the defendants but it is unnecessary to reiterate those in this appeal.
Commercial Union Assurance Company (Commercial Union), the workmen's compensation carrier for Moody's employer, intervened for compensation payments that were paid to Moody.
The jury answered interrogatories submitted to it by the court finding Arabie free of negligence and Moody free of contributory negligence. The jury found that Camel Construction was negligent and that *835 such negligence was the legal cause of the accident.
Consistent with these answers the trial court rendered judgment dismissing Moody's suit against Arabie, N.T.C. and Aetna; granting Moody's claim against Camel Construction and awarding $60,000.00 thereunder; recognizing Commercial Union's reconventional demand and ordering $35,401.22 be paid to Commercial Union out of Moody's $60,000.00 judgment against Camel Construction.
Camel Construction appealed suspensively. Moody also filed an appeal from the judgment in his favor.[1] We affirm.
The issue is whether the jury was clearly wrong in its determination that Arabie was free of negligence and that Moody was not contributorily negligent.

FACTS
This accident occurred on July 18, 1979, at 8:30 A.M., on the Southeast Evangeline Thruway within the City of Lafayette, Louisiana. The weather was clear and the hard surface of the thruway was level and dry.
Both of the vehicles stopped for a red light at the intersection of Pinhook Road and the thruway. Both vehicles were proceeding in a northerly direction. The thruway has three lanes for traffic proceeding north of the intersection. Moody was operating a pickup truck owned by his employer. Arabie was operating an International tandem axle truck pulling a 20 foot trailer loaded with drums of material. The truck had a gross weight of approximately 32,000 pounds.
As the light changed to green, the two vehicles proceeded across the intersection. Arabie went into the middle lane. Moody was proceeding behind Arabie. The traffic on the thruway was heavy at that time of morning.
Arabie was proceeding north in the middle lane approaching a curve in the thruway. As he was traversing the curve, he saw the Moody pickup passing him in the left or inside lane. Arabie was maintaining a distance of approximately 30 feet from the vehicle in front of him in the middle lane. Moody passed Arabie and then changed from the left to the middle lane, placing Moody immediately in front of Arabie.
Arabie testified that, as Moody entered the center lane ahead of him, he noticed the traffic stopping ahead due to the fact that two Camel Construction trucks were blocking the left lane.[2] This created a situation wherein the left lane traffic was having to merge with traffic in the middle lane. As Moody entered the center lane ahead of Arabie, a vehicle in the center lane immediately ahead of Moody suddenly stopped. Arabie saw that Moody was going to have to also make a sudden stop. To avoid striking Moody, Arabie applied his brakes and made a sudden decision to go into the left lane. At practically the same time, Moody, in order to avoid being hit from the rear by Arabie, also applied his brakes and made a sudden decision to change to the left lane, not realizing that Arabie was doing the same thing.
Arabie had made it completely into the left lane by the time Moody had gotten partially into the left lane. Both vehicles were applying their brakes and as they entered the left lane, Arabie was unable to slow his truck in order to avoid hitting Moody's truck on the left rear.
The accident was investigated by Mike Merlith, a Lafayette Police Officer. This officer talked to both drivers and found that the accident had occurred substantially as we have reiterated. He stated that Arabie had struck the Moody pickup while the trucks were still moving. They were not traveling at a fast speed when the impact occurred, explaining the existence of only *836 minor damage to the vehicles. No citations were issued and both drivers drove their vehicles from the scene. The accident occurred approximately 100 yards from the Camel Construction trucks.

WAS MOODY NEGLIGENT?
Camel Construction contends that Moody was contributorily negligent in changing lanes when it was unsafe to do so. The applicable law is LSA-R.S. 32:79, which states, in pertinent part:
"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
This statute has been interpreted to require a greater burden of care of a motorist changing lanes on a multiple lane highway than is demanded of a driver proceeding in a straight line within a marked lane. Deumite v. West Bank Contractors, 343 So.2d 289 (La.App. 1st Cir.1977); Canzoneri v. Connecticut Fire Insurance Company of Hartford, 163 So.2d 834 (La.App. 4th Cir. 1964).
As previously stated, as Moody went into the center lane he was faced with a vehicle which was making a sudden stop. To avoid being struck by Arabie's truck he applied his brakes and went toward the left lane. Under the circumstances, he did not have time to ascertain that Arabie was also headed into the left lane. Except for the emergency confronting him, Moody's actions may have constituted negligence. The rule under the sudden emergency doctrine, however, excuses him from its effect.
The Camel Construction trucks blocked the left lane causing a traffic flow problem which, in turn, was the cause of the vehicles stopping suddenly in front of Moody. No warning signs had been erected by Camel Construction.
The conclusion is inescapable that Moody was confronted with a sudden emergency not of his own making and to which he did not contribute, and that, from whatever negligence he may have been otherwise guilty, he is, by the rule of sudden emergency doctrine, excused. The jury conclusion that Moody was not guilty of contributory negligence is supported by the record.

WAS ARABIE NEGLIGENT?
Camel Construction further contends that Arabie was negligent in following Moody's vehicle too closely. The relevant law is LSA-R.S. 32:81 which reads, in pertinent part:
"A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
Further, when a rear end collision occurs the driver of the following vehicle is generally presumed to be negligent. He will only be exonerated where he can reasonably explain the cause of his running into the vehicle ahead. Thames v. Zerangue, 401 So.2d 648 (La.App. 3rd Cir.1981).
The same rule of sudden emergency doctrine is equally applicable to Arabie.
The vehicle stopping in front of Moody caused Moody to suddenly apply his brakes which, in turn, created a situation where Arabie felt that he could not avoid striking Moody's vehicle. Arabie, faced with this sudden sequence of events, took the only evasive action open to him and that was to go into the left lane. It so happened, however, that this sudden development of traffic problems caused Moody to suddenly change lanes to avoid being struck by Arabie. It can hardly be said, under the circumstances, that Arabie had a choice or means to avoid the accident. If error was committed, he is excused from its effects by the sudden emergency which confronted him. Arabie did not contribute to the emergency but it emanated from the blocking of the left lane of traffic by the trucks *837 of Camel Construction. Under these circumstances, the jury is supported by the record in finding Arabie free of negligence.
We note that the jury was properly instructed on all facts of the case including the doctrine of sudden emergency. The charge pertaining to the emergency doctrine is as follows:
"I now call your attention to the doctrine when a motorist is confronted by a sudden emergency or danger, not of his own making and to which he did not contribute. The law says that he will not be held responsible for error in judgment committed by him in the face of this emergency. Quite simply it means that when you have an emergency situation, the law doesn't require that youit will excuse you more if you don't act as you would have if you were not confronted with an emergency. The law takes into consideration that when something happens, that you will not have the opportunity to reflect and consider all that. When faced with sudden peril, one is bound to exercise only that caution and judgment which we would reasonably expect from an ordinarily prudent person under the same circumstances. He is not required to select the wisest course of conduct, and an honest mistake of judgment in such sudden emergency will not of itself constitute contributory negligence, although another course might have been better and safer."
In conclusion, we hold that Camel Construction was negligent in parking its trucks so as to block traffic in the left lane and failing to display any warning signs or other devices to warn traffic proceeding in a northerly direction of the impending danger. Such negligence was the cause in fact of the accident.
For these reasons the judgment of the trial court is affirmed. The costs of this appeal are to be paid by Camel Construction Company, defendant-appellant.
AFFIRMED.
FORET, J., dissents with written reasons.
FORET, Judge, dissenting.
I find that I cannot agree with my brethren in their affirmation of the trial court judgment finding Camel Construction Company, Inc. liable in the accident involved herein. None of Camel Construction Company trucks or property were involved in the accident. Any negligence which Camel may be guilty of by parking its trucks in such a manner as to block one lane of traffic, without giving signals of that fact, was simply not a proximate or contributing cause of this accident. The accident occurred between the Moody and Arabie vehicles 100 yards away from where Camel's trucks were parked. Indeed, the parked Camel trucks were visible to plaintiff for a considerable distance further back than the 100 yards. In my opinion, Moody was certainly contributorily negligent, at the very least.
For these reasons, I respectfully dissent.
NOTES
[1] Moody did not file a brief, therefore, his appeal will not be addressed by this court.
[2] It is undisputed that Camel Construction had placed no warning signs or other devices along the northbound lane of the thruway to warn the traffic proceeding north and that the left lane was blocked.