EDMUND M. REGGIE, Judge Pro Tem.
The issues presented by this appeal are whether the trial court was manifestly erroneous in finding defendant, Richard T. Robertson, guilty of negligence in causing an automobile accident between the parties and failing to apply the sudden emergency doctrine to exculpate him from liability.
The instant case is a tort action filed by plaintiffs, Sarah C. Sherman and Dorothy Toney, seeking damages for personal injuries received in an automobile accident which occurred on April 2,1984. Plaintiffs named as defendants, Richard Robertson, the driver of the vehicle which collided into the rear of the Sherman vehicle, and American Deposit Insurance Company (American Deposit), Sarah Sherman’s uninsured/underinsured motorist carrier. American Deposit filed a third party demand against Robertson seeking indemnification and/or contribution. During the course of the litigation, Sherman and To-ney reached a settlement with American Deposit and assigned to American Deposit their rights against defendant, Robertson. After a trial on the merits, the trial court rendered judgment in favor of American Deposit and against Robertson. We affirm.
*602 FACTS
The accident occurred on April 2, 1984 at 3:06 P.M. on the Enterprise railroad overpass of U.S. Highway 71 within the City of Alexandria, Louisiana. Ms. Sherman’s two children and co-plaintiff, Dorothy Toney, were passengers in the vehicle. It was raining at the time and the roads were slippery.
Sarah Sherman had just left her mother’s house in Alexandria and was traveling on the southbound side of this two-lane, two-way overpass at approximately 35 mph. When she reached the crest, she observed that traffic in her lane was backed up to and on the incline of the overpass. Plaintiff stated during the trial that she “eased on the brakes” when she saw the traffic ahead and gradually came to a complete stop without having to slam on her brakes.
Regarding her vehicle’s position on the overpass at the time of the accident, she testified her car was on the incline past the crest and “was angled down a little bit, just beginning to angle down a bit.” According to her testimony, her car remained in this position for approximately IOV2 minutes before she was rear-ended by Robertson’s vehicle.
Plaintiff, Dorothy Toney, corroborated Ms. Sherman’s account of the accident and that the traffic was backed up in front of their vehicle.
Defendant, Richard Robertson, had just left Rapides General Hospital and was headed home down Upper Third Street. According to his testimony, when he arrived at the intersection of Upper Third and Highway 71, he turned left after briefly stopping in response to a traffic signal and proceeded up the Enterprise overpass at approximately 15 to 20 miles an hour. Defendant stated as he reached the crest, he shifted his four forward gear Camaro into third gear and reached a speed of 20 miles per hour.
Defendant testified he did not see the plaintiff’s vehicle before reaching the crest and that when he first saw the Sherman vehicle, her brake lights were not on. He did not recall seeing plaintiff’s brake lights until he started down the other side of the overpass.
On cross-examination, defendant stated the Sherman vehicle was maybe a car length and a half, two car lengths at the most, in front of him when plaintiff’s brake lights came on and when he applied his brakes. In his opinion, the accident was unavoidable.
The matter proceeded to trial on January 13, 1987. After hearing the testimony and reviewing the evidence adduced during the trial, the trial judge rendered an oral judgment in favor of American Deposit and against Richard Robertson in the amount of $7,233.00 plus costs. The court offered the following reasons for judgment:
“I think judgment must be rendered in favor of the plaintiff against the defendant. The evidence is clear that it’s a classic following too close case. The defendant topped the overpass and, of course, there was a line of traffic in front of him and conditions were such that he was just going too fast to stop in time and his vehicle hit the rear of the car in front of him and this is just about as classic as you can get as far as following too close is concerned, so I think judgment must be rendered in favor of the plaintiff and against the defendant in the amount of damages stipulated.”
A written judgment was signed later on January 29, 1987, and filed into the record. From this judgment, plaintiff timely requested and was granted a devolutive appeal to this court.
FAULT OF REAR-ENDING MOTORIST
Defendant contends that the trial court committed manifest error in finding he was negligently following too closely or going too fast to stop in time. In support of his contention, defendant argues that he was traveling 20 mph, well within the posted speed limit of 45 mph, and that he had neither time, distance, nor opportunity to take any action to prevent the collision. American Deposit contends that Robertson simply failed to operate his vehicle in a reasonable and prudent manner, given the prevailing weather conditions and his *603 knowledge of the potential dangers created by congested traffic on the overpass.
The applicable statute regulating the conduct of following vehicles is LSA-R.S. 32:81(A), which states, in pertinent part:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
The general speed law that is applicable on highways within this state is set forth in LSA-R.S. 32:64, which provides in pertinent part:
“No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then.existing, having due regard for the traffic on, and the surface and width of, the highway, and the conditions of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.”
It is well settled that a following motorist in a rear-end collision is generally presumed to be negligent and bears the burden of exonerating himself. Eubanks v. Brasseal, 310 So.2d 550 (La.1975); Moody v. Arable, 433 So.2d 833 (La.App. 3 Cir.1983).
In order to exculpate himself, the following motorist must show he kept his vehicle under control, that he closely observed the forward vehicle, and that he followed at a safe distance under the circumstances. Eubanks v. Brasseal, supra; State Farm Mut. Auto. Ins. Co. v. Hoerner, 426 So.2d 205 (La.App. 4 Cir.1982), writ denied, 433 So.2d 154 (La.1983). Additionally, a following motorist will not be held liable for an accident which occurred as a result of a sudden emergency, if he can show there was insufficient time to consider and weigh all the circumstances or best means of avoiding the danger, and that the accident was not the result of his own negligence. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Bishop v. Shelter Insurance Co., 461 So.2d 1170 (La.App. 3 Cir.1984), writ den., 465 So.2d 737 (La.1985). It is this latter defense that defendant asserts on appeal.
The record before this court reveals that defendant had driven over this section of highway many times prior to the accident, and at times while it was raining. He admitted having seen cars backed up on the overpass on prior occasions during inclement weather. It is clear defendant was on notice that traffic was probably backed up on the southbound side of the overpass. The evidence also indicates that there were no other accidents on the overpass and no other cars had difficulty stopping after observing the congested traffic. Ms. Sherman testified that when she drove over the peak of the overpass, she saw the backed up traffic and gradually stopped without having to slam on her brakes.
There was some conflict in the testimony concerning plaintiff’s brake lights. Ms. Sherman testified her brake lights were on and working at the time of the collision. Robertson claimed her brake lights were not visible until he was almost upon her, at which time it was too late to avoid the collision. Assuming plaintiffs brake lights were not immediately visible when defendant first noticed her car, numerous other brake lights from the traffic that was backed up two-tenths of a mile south of the overpass would have been within sight soon enough for the defendant to have reacted appropriately to the circumstances. What is more likely is that Mr. Robertson was not maintaining a proper lookout. Both plaintiffs testified that they heard no noises indicating defendant had applied his brakes prior to the collision.
We do not agree with the trial judge that this was a classic following-too-close case as plaintiff testified she was stationary over ten minutes prior to the collision; however, there is substantial and credible evidence in this record to support a finding that defendant failed to observe plaintiff’s vehicle in time to avoid the accident and that he was probably driving at a speed in excess of what was reasonably prudent *604 under the circumstances and could not stop in time to avoid hitting the Sherman vehicle. The trial court’s determination that Robertson had been negligent and that this negligence was the sole cause-in-fact of the accident was not manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). We also find that the sudden emergency defense is not applicable in the instant case as we have determined the emergency situation was created by defendant’s own negligence.
For the foregoing reasons, the trial court judgment is affirmed. The costs of this appeal are to be paid by the defendant-appellant, Richard T. Robertson.
AFFIRMED.