764 So.2d 1169 (2000)
Sharon Diane HILL, Plaintiff-Appellant,
v.
Sherry L. HUTTO and Allstate Insurance Company, Defendants-Appellees.
No. 33,583-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
Writ Denied October 13, 2000.
*1170 Guerriero and Guerriero by Joe D. Guerriero, Monroe, Counsel for Appellant.
Hudson, Potts and Bernstein by Mark J. Neal, Monroe, Counsel for Appellees.
Before PEATROSS, KOSTELKA and DREW, JJ.
DREW, J.
This suit arose out of a two-vehicle traffic accident involving plaintiff, Sharon D. Hill, and defendant, Sherry L. Hutto on Highway 165 in Monroe, Ouachita Parish, Louisiana. After a bifurcated liability trial on the merits, the court below ruled in favor of defendant-appellee Hutto. Finding no manifest error, we affirm.

FACTS AND PROCEDURAL BACKGROUND
On May 27, 1998, at dusk, Hill drove east on Center Street and stopped in the median dividing the four-lane U.S. Highway 165 which runs north and south and intersects Center Street. She checked for oncoming northbound traffic because she intended to turn left and drive north on Highway 165. The speed limit on the highway was 50 MPH. At trial, Hill stated the oncoming traffic was a block and a half away and distant enough that she could safely turn onto Highway 165. Hill turned left, slowly headed north and was soon struck in the rear by a vehicle operated by Hutto, who was also driving north on Highway 165. Hill testified she heard no brakes or horn. Hill also said that had Hutto's lights been on, Hill would have seen her.
When she was about two car lengths from the intersection, Hutto, who stated her speed was 45 MPH, saw Hill's vehicle which turned into her path in the left-hand lane. Hutto braked and swerved toward the median, but was unable to stop before striking Hill from the rear. Hutto explained her car had anti-lock brakes and left no skid marks. Hutto also stated that whenever her vehicle is running, the lights are on, and she has no way to extinguish them other than turning off the motor.
Hill sued Hutto and her insurer, Allstate Insurance Company, seeking damages for her personal injuries and property damage. Only three witnesses testified at the September 1999 trial: the two drivers (Hill and Hutto) and Monroe Police Officer J.C. Dupree, who investigated the accident. The officer estimated the impact was about 75 feet north of the intersection. He testified that after speaking with both drivers and examining the scene, he issued Hill a citation for failure to yield. The officer had recorded on the accident report that Hill told him she did not see Hutto's vehicle and that Hutto told him that Hill pulled out in front of her and she could not avoid hitting her. The trial court found "... the automobile accident sued upon did not in any way result from the negligence or legal fault of Sherry Hutto."
Although the testimony of Hill and Hutto conflicted, the trial court found both gave truthful testimony. In reasons for *1171 judgment, the trial judge wrote that the darkness reduced visibility. Further, the left lane on the superior highway is generally considered to be the faster of the two lanes. Hill turned into the left lane. The trial court concluded there was no evidence showing Hutto was driving in excess of the 50 MPH speed limit or was operating her vehicle in a negligent manner. Regarding the last clear chance plea by Hill, the trial court observed that the first instinct is to immediately brake to avoid impact in front. Finding the sole and proximate cause of the accident was Hill's turning left directly in the path of Hutto's vehicle, the trial court ruled that Hill failed to prove her case by a preponderance of the evidence. It is from this judgment that Hill has appealed.

DISCUSSION
Hill had the burden of proving Hutto's negligence by a preponderance of the evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the evidence in its entirety establishes the fact or causation sought to be proved is more probable than not. If the party bearing the burden of proof fails to satisfy her burden of proof by a preponderance of the evidence, her case fails to outweigh her adversary's case and she necessarily loses. Miller v. Leonard, 588 So.2d 79 (La.1991).
The trial court must be granted great deference in its findings of fact and in its conclusion that Hill failed to put on evidence sufficient to prove Hutto was negligent. Reasonable evaluations of credibility should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the factfinder's choice cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993).
An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. To reverse, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Even when an appellate court may feel that its own evaluations are more reasonable than the factfinder's, reasonable determinations and inferences of fact should not be disturbed. Under the manifest error standard, the bottom line is whether the trial court's findings are reasonable; even if the appellate court feels its own evaluation of the evidence is more reasonable, the trial court's findings cannot be reversed if they are in fact reasonable. Lewis v. State, 94-2370 (La.4/21/95), 654 So.2d 311.
On appeal, Hill's arguments are that the trial court erred by misapplying the law to the facts, in failing to find that Hutto was negligent in striking Hill's car from the rear, and in ruling that Hill's action in turning left onto the highway was the sole cause of the accident. Hill urges that Hutto was speeding and contributed to the cause of the accident. Further, Hill maintains that Hutto had the last clear chance to avoid the accident. In Hill's view, the following motorist who strikes another from behind is presumed at fault and has the burden of exculpating herself by showing that the preceding motorist created a hazard that could not be avoided. Because Hutto testified at trial that she did not see Hill's vehicle until she was two car lengths from the rear of Hill's car, Hill maintains that statement means that Hutto either was not paying attention or was speeding. Further, Hill states Hutto could simply have changed lanes to avoid the collision.
Citing Sherman v. American Deposit Ins. Co., 525 So.2d 600 (La.App. 3rd Cir.1988) and Moody v. Arabie, 433 So.2d 833 (La.App. 3rd Cir.1983), Hill argues that in a rear-end collision, the following motorist is presumed negligent. Those *1172 cases are distinguishable from this matter, since neither involved a motorist struck from the rear after making a left turn into the path of a motorist proceeding on a superior highway. The left-turning motorist is required to yield the right-of-way and is prohibited from attempting a turn, unless the oncoming traffic is of a sufficient distance to avoid an accident. Hinton v. Beyl, 122 So.2d 680 (La.App. 1st Cir.1960).
The trial judge denied Hill relief. The evidence in this record clearly shows that the trial court reasonably concluded that the accident was caused by Hill's turning left into the path of Hutto's lawfully operated vehicle. That this panel might have evaluated the evidence somewhat differently is of no moment. Our inquiry is whether the trial court was manifestly erroneous. We find it was not. As a result, the decision of the trial court is affirmed.

DECREE
For the foregoing reasons, we affirm the trial court's judgment in favor of defendants, SHERRY L. HUTTO and ALLSTATE INSURANCE COMPANY. All costs are assessed to plaintiff, SHARON DIANE HILL.
AFFIRMED.