| ¡.SQL GOTHARD, Judge.
In this personal injury action, plaintiff, Christopher C. Bender, appeals an adverse judgment by the trial court which found that he did not prove, by a preponderance of the evidence, that defendant, Darin Cron, was at fault in an automobile accident. For reasons that follow, we affirm.
Bender filed this action in tort against Cron and his insurer, Allstate Insurance Company (Allstate).[1] The petition alleges Cron was the proximate cause of an auto *716 mobile accident which occurred on December 11, 1995 in which Bender sustained bodily injury and property damage. After a bench trial on the merits, the court found that Bender failed to prove his case by a | ¡¡preponderance of the evidence. Accordingly, judgment was rendered in favor of defendants, Cron and Allstate, and the matter was dismissed with prejudice. Bender appeals.
At trial, Bender testified that he and his wife were on their way home at about 5:00 p.m. on December 11, 1995. Bender was driving in the right-hand lane of Causeway Boulevard, traveling southbound in light to moderate traffic. He proceeded up the overpass over Airline Highway. He was in the right-hand lane traveling southbound towards Jefferson Highway. As he reached the crest of the bridge, he saw a line of cars in the merging lane. There were two trucks and a sedan in line waiting to merge into traffic. The line of cars began merging as Bender came to the merge point. He signaled and entered the left lane. As he did so, a small truck in the merge lane, driven by Cron, “jumped” right out in front of him from behind a large truck. Bender was unable to stop and collided with the rear of Cron’s vehicle. Bender estimated that he was traveling at about forty-five miles per hour at the time of the accident. The vehicles in the merge lane were moving at a slower rate of speed and none indicated an intent to change lanes.
Wendy Morrison, who was married to Bender at the time of the accident, also testified at trial. Her testimony is substantially the same as that of Bender with regard to the facts of the accident.
Bender also presented testimony from Louisiana State Trooper, Todd Wood, who investigated the accident. Trooper Wood testified mostly from the accident report he made at the time of the incident. He stated that his independent recollection of the accident consisted of only vague recollections of one or two minor details.
|4In his investigation, Trooper Wood took statements from Bender and his wife, and Cron. According to both drivers’ statements, the accident occurred in the left lane of traffic. Bender’s statement indicated he was traveling southbound in the right lane of Causeway Boulevard when he saw Cron’s vehicle proceeding from the merge lane into the right lane of traffic at such a proximity that the only way to avoid a collision was to change lanes to the left. However, Cron continued into the left lane and Bender rear-ended the Cron vehicle. Trooper Wood did not view the accident scene, take measurements, or do any other investigation. Based solely on the statements given by the drivers, Trooper Wood cited Cron for failure to yield when changing lanes, and opined at the trial that the accident was the fault of Cron.
On cross-examination, Trooper Wood testified that he came on the scene after the accident occurred and did not know the exact location of the accident, since both cars were moved to the corner of Jefferson Highway and Causeway Boulevard by the time he arrived. Because the cars were parked about one-half mile from the scene of the accident, Trooper Wood did not do a site investigation. Trooper Wood admitted that Cron’s version of the incident differed from that of Bender in that Cron stated the left lane was clear when he changed lanes and he did not fail to yield. Cron also told the trooper that Bender was speeding. Trooper Wood also testified that, although Cron gave him the name of an independent witness to the accident, Trooper Wood did not contact the witness.
The court also heard testimony from Cron. He stated that he was driving his Toyota Pickup truck on Airline Highway. *717 He entered the omjramp6 to the traffic circle at Causeway Boulevard. As he approached the merge lanes from traffic entering the circle from Causeway Boulevard, he observed that the two merge lanes were clear. He entered the right merge lane behind a large, slow moving truck. At that point there was no traffic in the left lane, so Cron put on his turn indicator and proceeded into the left lane to go around the truck. He had gone a short distance when he heard a horn. He checked his rear-view mirror and saw Bender’s vehicle approaching from the rear at a high rate of speed. Cron tried to speed up to avoid the accident, to no avail. Bender’s vehicle hit Cron’s vehicle on the rear bumper. Cron testified that at the time of impact, he was traveling at about forty-five miles per hour. After the accident, both vehicles continued down the ramp, and stopped at a store on the corner of Jefferson Highway and Causeway Boulevard. When the two vehicles stopped at the store, a witness to the accident stopped and gave Cron his business card.
Emile Gautreaux testified that he witnessed the accident in question. He stated that he does not know either Cron or Bender. According to his testimony, Gau-treaux entered the up-ramp to the traffic circle, intending to proceed onto Jefferson Highway, eastbound. As he approached the merge lanes, he was behind Cron’s vehicle. He merged into the right lane of traffic. After the merge, traffic was slowed down by a large truck in the right lane, Cron’s vehicle crossed over into the left lane. Gautreaux also intended to change lanes. When he looked in his rear-view mirror and began to cross over into the left lane, he noticed Bender’s vehicle about one-hundred feet behind in the left lane traveling at a high rate of speed. Because Bender seemed unaware of the slowing traffic in front of him, Mr. | fiGautreaux sounded his horn as a warning. Shortly afterward there was an impact when Bender’s vehicle hit the rear bumper of Cron’s vehicle. Gautreaux estimated Bender’s speed at fifty-five to sixty miles per hour. He also stated that Cron’s vehicle was already in the left lane when Gautreaux looked into his rearview mirror to see if it was safe to enter the left lane himself. Gautreaux proceeded down the ramp and stopped to give Cron his business card, and told Cron he had witnessed the accident. Gautreaux then continued on his way to a meeting.
After hearing all of the testimony and arguments of counsel, the trial court took the matter under advisement. In due course, the trial court rendered judgment in favor of defendants, finding that plaintiff failed to prove his case by a preponderance of the evidence.
In brief to this court, plaintiff assigns five errors. The first three relate to the factual findings made by the trial court. Plaintiff argues the trial court was manifestly erroneous in failing to find that defendant created a hazard which plaintiff could not avoid, by changing lanes without having first ascertained that such movement could be made safely, in violation of LSA-R.S. 32:79. Plaintiff also argues that the trial court was manifestly erroneous in its interpretation of the testimony given by Mr. Gautreaux and Trooper Wood.
LSA-R.S. 32:81A provides that, “(t)he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway”. In Louisiana law a following motorist in a rear-end collision is presumed to have breached this duty, and he bears the 17burden of exonerating himself. Hadley v. Doe, 626 So.2d 747 (La.App. 6 Cir.1993). A following driver may rebut the presump *718 tion of fault by establishing that his vehicle was under control, that he closely observed the leading vehicle and followed at a safe distance under the circumstances. Chambers v. Graybiel, 25,840 (La.App. 2 Cir. 6/22/94), 639 So.2d 361; writ denied, 94-1948 (La.10/28/94), 644 So.2d 377.
One exception to the rule in R.S. 32:81 arises when the driver of the preceding vehicle “negligently creates a hazard which the following vehicle cannot reasonable avoid.” Slocum v. American Casualty Insurance Co., 189 So.2d 299, 301 (La.App. 3 Cir.1966). LSA-R.S. 32:79(1) provides that, “(a) vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.” Thus, if plaintiff could establish that he had his vehicle under control, and defendant created a hazard by changing lanes in an unsafe manner, plaintiff could prove liability on the part of defendant.
The trial court ruled that plaintiff failed to prove his case by a preponderance of the evidence. In this case the parties presented two separate versions of how the accident occurred, and the trial court made findings of facts based on the credibility of the witness. In such a case, this court must use the manifest error/clearly wrong standard of review, which gives great deference to the trier of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Here, the defendant and an independent witness testified that defendant had safely changed from the right lane into the left lane before |splaintiff, traveling at a high rate of speed, rear-ended him. The independent witness, Mr. Gau-treaux, further testified that it appeared to him that plaintiff was unaware of the slow moving traffic in front of him in the left lane. The concern caused Mr. Gautreaux to sound his horn in warning. Trooper Wood’s opinion that defendant was at fault was based only on the information given him at the time of the accident by the two parties. He did not speak to the independent witness, nor did he view the actual scene of the accident. Under the circumstances of this case we cannot say the trial court was manifestly erroneous in finding that plaintiff failed to meet his burden of proof that defendant was at fault in this accident.
Plaintiff also argues that the trial court erred in not applying the principles of comparative negligence. Plaintiff argues that the trial court incorrectly used the standard of contributory negligence as a bar to plaintiffs recovery. We do not agree. The trial court simply found that plaintiff failed to prove his case by a preponderance of the evidence. This assignment is without merit.
For the foregoing reasons, we affirm the trial court. All costs of this appeal are assessed to plaintiff.
AFFIRMED.

. Bender also named his own insurer, State Farm Insurance Company (State Farm) as defendant. However, State Farm was never served, and is not a party to this action.