828 So.2d 94 (2002)
Lynn JAMES, Jr., individually and as natural tutor of the minor children, Destiny James and Justin James, Plaintiff-Appellant,
v.
Charles E. McHENRY and Illinois National Insurance Company, Defendant-Appellee.
No. 36098-CA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
Herman A. Castete, for Appellant.
Tracy L. Oakley, Ruston, for Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The plaintiff, Walter Lynn James, Jr., individually and as tutor of the minor children, Destiny James and Justin James, appeals a judgment in favor of the defendants, Charles McHenry and Illinois National Insurance Company. For the following reasons, we affirm.

*95 FACTS
On January 5, 2000, an automobile accident occurred shortly before 8:00 a.m. on North Street in Winnfield, Louisiana. Destiny James was driving a 1991 pickup truck to school in the westbound lane with her brother, Justin James, as a passenger. Charles McHenry was traveling with a passenger, Vickie Sanchez, in a 1977 pickup truck in the eastbound lane. The vehicles collided head on, with each truck sustaining damage to the left front area. In the collision, Destiny James hit her head and injured her arm. Justin James was cut on the head and chin after hitting the windshield. Both were transported by ambulance to the hospital for treatment.
Subsequently, the plaintiff, Walter Lynn James, Jr., individually and as tutor of his minor children, Destiny James and Justin James, filed a petition for damages against the defendants, Charles McHenry and his insurer, Illinois National Insurance Company. Prior to trial, Sanchez died of causes unrelated to the accident.
After a trial, the matter was taken under advisement. The trial court issued written reasons for judgment, finding that the collision occurred in McHenry's lane of travel and that plaintiff failed to prove that McHenry was at fault in causing the accident. The trial court rendered judgment in favor of the defendants. Plaintiff's motion for new trial was denied. The plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the trial court erred in finding that McHenry was not at fault in causing the accident. Plaintiff argues that the evidence at trial proved that McHenry's truck had crossed the center line of the street when the accident occurred.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its inferences are as reasonable. Lewis v. State DOTD, 94-2370 (La.4/21/95), 654 So.2d 311. The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
A plaintiff seeking damages must prove by a preponderance of the evidence that the defendant caused his injuries. Proof by a preponderance of evidence means that the fact or cause sought to be proved is more probable than not. Alderman v. Jacks. 31,572 (La.App.2d Cir.2/24/99), 729 So.2d 729.
In the present case, Winnfield Police Lieutenant Lawrence Desadier ("Lt.Desadier"), the investigating officer, testified that the road did not have a painted center line and that the visible line where the two sections of pavement joined was not the actual middle of the street. Lt. Desadier testified that he observed tire marks in the road, but he could not say which vehicle caused the marks. Lt. Desadier stated that Police Officer Bobby Poisso and Assistant Police Chief Russell Jones took measurements at the scene showing that the vehicles' point of impact was located nine feet one inch from the northern edge of the road and eight feet nine inches from the southern edge. Desadier testified that scuff marks and debris in the road indicated that the point of impact occurred in the eastbound lane where McHenry was traveling.
Lt. Desadier recalled that when he arrived at the scene, he spoke to Destiny James, who said that prior to the accident *96 her windows had "fogged up" and she was unable to see the road. According to Desadier, McHenry told him that the other driver had entered his lane of travel and struck his vehicle.
Officer Bobby Poisso testified that when he arrived at the accident scene, he observed tire marks and a lot of debris and he used this information to determine where the point of impact occurred. Poisso measured the distance from the point of impact out to the north and south edges of the street.
Poisso recalled that at the scene, he saw a mark in the road where a tire had "grabbed" the pavement after the vehicles collided, but he could not say that photograph P-12 showed the mark he remembered. The tire mark in the photo was north of the line joining the two asphalt sections, which were not measured. Poisso did not know the distance from that tire mark to the northern edge of the road, but stated that the mark in the photograph was north of the point of impact by "two or three inches maybe." Poisso testified that the road width was seventeen feet, ten inches, so that the actual center line of the street was at eight feet, eleven inches. Poisso stated that the tire mark in the photograph was less than nine feet, one inch from the north side of the street. However, Poisso acknowledged that he did not know if the marks shown in photographs P-11 and P-12 were the tire marks he had viewed at the scene or whether the depicted marks had resulted from this accident.
Destiny James testified that on the morning of the accident, she was driving to school on North Street when the other truck entered her lane and collided with her vehicle. James stated that she did not cross over into the other lane of traffic and that she did not remember telling Lt. Desadier that her windows had been "fogged up" that morning.
Charles McHenry testified that prior to the accident, he had stopped his truck in front of a dip in the road to allow the approaching vehicle to pass. McHenry stated that the other truck crossed into his lane and struck his vehicle.
The plaintiff contends the testimony of Officer Poisso proved that McHenry's truck extended over the center line of the street. Poisso stated that a photograph showed a mark in the road that was north of the point of impact, which was located nine feet, one inch from the north side of the street. Plaintiff argues that this mark was from McHenry's tire and that given the width of the truck tire and the distance to the edge of the truck's fender, this evidence shows that McHenry's vehicle must have been across the center line of the street at the time of the accident. However, Poisso also testified that he did not know whether the marks in the photographs were caused by McHenry's tire as a result of the accident.
In addition, the testimony of Desadier and Poisso established that debris from the collision was located just inside the eastbound lane, which was occupied by McHenry's truck. Desadier further testified that Destiny James told him that prior to the accident, her view of the road was obscured by the fogging of her windshield.
The trial court heard the conflicting testimony, weighed the credibility of the witnesses and considered the exhibits introduced into evidence. The parties offered competing theories of the interpretation of the evidence concerning their respective fault.
After reviewing the entire record, we cannot say the trial court was clearly wrong in finding Lt. Desadier's testimony credible and in finding that plaintiff failed *97 to meet his burden of proving McHenry's fault in causing the accident by a preponderance of the evidence. Therefore, we will not disturb the result.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Walter Lynn James, Jr., individually and as tutor of the minor children, Destiny and Justin James.
AFFIRMED.