885 So.2d 30 (2004)
Peggy W. HYLAND
v.
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Byron E. Talbot Contractor, Inc. and Herman R. Antill.
No. 04-CA-305.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 2004.
*31 David W. Bernberg, New Orleans, LA, for Plaintiff/Appellant.
Christopher H. Riviere, Nicholas J. Zeringue, Thibodaux, LA, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This case arises from a motor vehicle accident that occurred on November 29, 1999. In her Petition for Damages,[1] the plaintiff, Peggy Hyland, asserts that she was operating her vehicle in an easterly direction on Lapalco Boulevard in Jefferson Parish when a vehicle owned by Byron E. Talbot Contractor, Inc. (BETC) and operated by one of BETC's employees, Herman Antill, made an illegal lane change and struck the plaintiff's vehicle, causing personal injuries and property damage to Ms. Hyland. The petition names three defendants: Byron E. Talbot Contractor, Inc.; Herman R. Antill; and American Guarantee and Liability Insurance Company, as the liability insurer of BETC and Mr. Antill.
Trial of this matter was held on January 21, 2004. Three witnesses testified in court: Herman Antill, Peggy Hyland, and Dr. Michael McSween. In addition, the depositions of Drs. Puente and Vogel, Ms. Hyland's medical records and bills, and the entire record of the proceedings were admitted into evidence.
At trial, Herman Antill testified that he has been employed by BETC as a truck driver for approximately 19 years, and he was working when this accident occurred. He stated that he was driving a truck and trailer, which he described as "like an eighteen wheeler," and was traveling in an easterly direction behind a school bus on Lapalco Blvd. Originally, he was in the *32 right lane on Lapalco and there were two lanes proceeding in this direction. However, when Lapalco crosses the Harvey Canal, it turns into three lanes and he was then driving in the middle lane. After crossing Bellemeade, he knew that he had to get in the right lane to go south on Belle Chasse Highway, so he put on his signal light and started crossing into the right lane. When his truck was almost into the right lane, he felt a "bump" and noticed that Ms. Hyland had pulled out from Bellemeade onto Lapalco and struck his vehicle.
Mr. Antill testified that there is a stop sign for traffic on Bellemeade at its intersection with Lapalco, but there is no traffic light or stop sign for the traffic proceeding on Lapalco past Bellemeade, which is the direction he was traveling. He stated that the portion of his vehicle involved in the accident was "from middle way of the trailer to the back end," but there was no damage to his vehicle. On Ms. Hyland's vehicle, the front fender to the middle of the driver's door was impacted. Mr. Antill stated that his trailer was "almost in her lane" when "she slid into the trailer," which pushed her car to the side.
Peggy Hyland testified that she is 66 years old and she cleans houses for a living. On the day of the accident, she had just finished cleaning a house and had cashed her paycheck at a bank in her neighborhood. She stopped at a stop sign on Bellemeade at its intersection with Lapalco, and she saw a school bus and the truck driven by Mr. Antill in the middle lane on Lapalco. She then pulled into the right lane and drove approximately three car-lengths before the accident occurred. She heard "bam, bam, bam," and then stopped her car. She testified that she was completely in the right lane when the accident occurred, and Mr. Antill cut into her lane and caused the accident when he was passing the school bus on the right-hand side. She indicated that Mr. Antill did not put on his turn signal before moving into her lane. The left-side back door, front door, mirror, and bumper on her vehicle had to be replaced.
Ms. Hyland admitted that there was a stop sign at the intersection of Bellemeade and Lapalco and that she was required to yield to oncoming traffic. However, she stated that the right lane was clear when she pulled out, and the school bus and the truck were in the middle lane. She stated that the truck was not almost finished changing lanes at the time of the accident.
The final witness, Dr. Michael McSween, was accepted as an expert in the field of family medicine. He testified primarily about injuries that Ms. Hyland indicated were caused by the accident and her treatment.
At the conclusion of the trial, the trial judge found that the plaintiff had not proven by a preponderance of the evidence that Mr. Antill was at fault in the accident or that the defendants were liable for any of her damages. Accordingly, the trial judge rendered a judgment in favor of the defendants, dismissing them from this lawsuit. It is from this judgment that the plaintiff, Ms. Hyland, appeals.

DISCUSSION
In her first assignment of error, Ms. Hyland contends that "[t]he trial court committed reversible error in failing to ascertain percentage fault on behalf of the parties and to apportion fault accordingly." She argues that the testimony clearly shows that both parties were at fault and the trial judge should have assessed percentages of comparative fault to each driver. The defendants respond that the trial judge correctly declined to apportion fault in this matter, because the plaintiff failed to carry her burden of proving liability of *33 the defendants by a preponderance of the evidence.
At the conclusion of the trial, the trial judge stated in pertinent part:
I have two different stories, two witnesses, both of whom are credible. They each saw what they saw, and while it is different, I don't know whose fault it is. And when I don't know whose fault it is, or I have to flip a coin, which is what I am at this point in time, then the plaintiff has not proven their case; so I am going to find for the defendants, that liability has not been proven by the plaintiffs.
A plaintiff seeking damages must prove by a preponderance of the evidence that the defendant caused his injuries. James v. McHenry, 36098 (La.App. 2 Cir. 9/18/02), 828 So.2d 94, 95. Proof by a preponderance of the evidence means that the fact or cause sought to be proved is more probable than not. Id.; Johnson v. Lee, 00-78 (La.App. 5 Cir. 5/30/00), 760 So.2d 1273, 1277. If the party bearing the burden of proof fails to satisfy her burden by a preponderance of the evidence, her case fails to outweigh her adversary's case and she necessarily loses. Hill v. Hutto, 33,583 (La.App. 2 Cir. 6/21/00), 764 So.2d 1169, 1171, writ denied, 00-2192 (La.10/13/00), 771 So.2d 651.
A court of appeal may not set aside a trial court's factual findings in the absence of manifest error, which gives great deference to the trier of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989); Bender v. Cron, 01-899 (La.App. 5 Cir. 12/12/01), 806 So.2d 714, 718, writ denied, 02-0133 (La.3/22/02), 811 So.2d 938. Thus, the trial court's conclusion that Ms. Hyland failed to put on sufficient evidence to prove her case by a preponderance of the evidence is entitled to great deference. Under the manifest error standard, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even if the appellate court may feel its inferences are as reasonable. Evans v. State Farm Mutual Automobile Insurance Co., 03-1003 (La.App. 5 Cir. 12/30/03), 865 So.2d 195, 197.
Mr. Antill testified that when he was almost into the right lane, Ms. Hyland's vehicle, "slid into the trailer," and he contends that the accident was caused by Ms. Hyland's negligence. Ms. Hyland testified that Mr. Antill cut into her lane when he was passing the school bus on the right-hand side, and she asserts that the accident was primarily caused by Mr. Antill's negligence.
The trial judge's oral reasons for judgment reveal that she did not find either party more credible than the other, and the testimony of the opposing parties was essentially balanced. Thus, the trial court found that the plaintiff did not prove that it was more probable than not that Mr. Antill was at fault in the accident, and the plaintiff simply failed to prove her case by a preponderance of the evidence. After reviewing the entire record, we cannot say that the trial judge was manifestly erroneous or clearly wrong in finding that the plaintiff failed to satisfy her burden of proving that Mr. Antill was at fault or liable in this accident. Accordingly, the trial court did not err in failing to assess percentages of fault to each party, and this assignment of error is without merit.
In her second and final assignment of error, Ms. Hyland asserts that the trial court "committed reversible error in admitting the police report." She argues that her attorney objected to the admissibility of the police report, and it was hearsay because the police officer was unable to testify regarding its contents. The defendants respond that the trial court did not err in admitting the police report, because *34 the plaintiff's attorney did not timely object to its admissibility.
The record reveals that at the beginning of the trial and prior to any testimony, several exhibits were offered and admitted. The defense attorney stated, "I'd like to introduce the record and have itadmitted into evidence." The trial judge responded, "[a]ll right. The entire record's admitted." No objection was made by the plaintiff at this time.
During cross-examination of Ms. Hyland, the defendant's attorney questioned her regarding whether or not she received a citation in the accident, and she replied that she did not receive a citation. The defendant's attorney then attempted to show her the police report from the accident, and the plaintiff's attorney objected, asserting that the report was inadmissible hearsay. However, after discussing the matter and determining that the police report had already been admitted into evidence without objection when the entire record was admitted, the trial judge overruled the plaintiff's objection.
LSA-C.E. art. 103 provides in pertinent part:

A. Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
1. Ruling admitting evidence. When the ruling is one admitting evidence, a timely objection or motion to admonish the jury to limit or disregard appears of record, stating the specific ground of objection;
(Emphasis added.)
The record shows that when the defendants' attorney offered the entire record, which contained the police report, into evidence, there was no objection by the plaintiff. The failure to make a contemporaneous objection to the admission of evidence waives the right of a party to complain that the evidence was improperly admitted. Karagiannopoulos v. State Farm Fire and Casualty Co., 94-1048 (La. App. 5 Cir. 11/10/99), 752 So.2d 202, 208, writ denied, 99-2866 (La.12/10/99), 752 So.2d 165; Davis v. Kreutzer, 93-1498 (La. App. 4 Cir. 2/25/94), 633 So.2d 796, 803, writ denied, 94-0733 (La.5/6/94), 637 So.2d 1050. It was not until the middle of trial, during cross-examination of Ms. Hyland, that the plaintiff's attorney objected to the admissibility of the report, but the police report had already been admitted into evidence.
Based on our review of the record, we find that the plaintiff's objection to the admissibility of the report was not timely, and she has waived her right to complain on appeal that this evidence was improperly admitted. Accordingly, we decline to consider whether or not the police report should have been admitted, because the plaintiff failed to contemporaneously object to its admission.

DECREE
For the reasons set forth above, we affirm the trial court's judgment in favor of the defendants, dismissing the plaintiff's claims against them. All costs of this appeal are to be borne by the plaintiff, Peggy Hyland.
AFFIRMED.
NOTES
[1] The Petition for Damages was originally filed in the Second Parish Court for the Parish of Jefferson on November 17, 2000. However, the case was transferred to the 24th Judicial District Court on August 15, 2002 on the plaintiff's motion, due to the plaintiff's assertion that her general damages were in excess of the jurisdictional limits for Second Parish Court.