NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-107


KETTERINGHAM BUILDERS, LLC

VERSUS

AUSTIN SPENI


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2009-1906
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**
**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**


Emile Joseph, Jr.
Robert Anthony Robertson
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598
(337) 291-1310
Counsel for Plaintiff/Appellee:
Ketteringham Builders, LLC

**Martin Louis Morgan**
**222 North Vermont Street**
**Covington, LA 70433**
**(985) 809-2014**
**Counsel for Defendant/Appellant:**
**Austin Speni**

**EZELL, JUDGE.**

In this matter, Austin Speni appeals the decision of the trial court ruling he owed $41,787.67 to Ketteringham Builders arising from a home purchase. For the following reasons, we hereby affirm the decision of the trial court.

Mr. Speni entered into an agreement with Ketteringham to build a home in the River Ranch subdivision in Lafayette. The original price of the home was to be $340,000.00. An Act of Cash Sale was recorded in this amount. However, the day before closing, Mr. Speni informed Ketteringham that he had insufficient funds to purchase the home at that price. Ketteringham agreed to reduce the price to $328,000.00. Mr. Speni's father paid roughly $280,000.00 of this amount. Ketteringham and Mr. Speni further agreed to finance the remaining down-payment of $49,287.67 through Ketteringham for one year. Mr. Speni admitted these facts, as well as the fact that he moved into the home. Mr. Speni admitted he paid only $7,500.00 of the down-payment amount to Ketteringham. He later told Ketteringham he was selling the home and would pay the remaining debt from the proceeds of the sale. After the sale of the home, no further payment was made. At no time did Mr. Speni deny the terms of the agreement nor the outstanding debt of $41,787.67.

Ketteringham filed the current suit to recoup the outstanding $41,787.67. After a trial on the matter, the trial court ruled that Mr. Speni owed Ketteringham that amount. From that decision, Mr. Speni appeals. On appeal, Mr. Speni asserts as his sole assignment of error that the trial court erred in allowing parol evidence to vary the terms of the authentic Act of Cash Sale. We disagree.

"The general rule is that a rule of evidence not invoked is waived, and, hence, a failure to object to evidence waives the objection to its admissibility." *Ratcliff v. Normand*, 01-1658, pp. 6-7 (La.App. 3 Cir. 6/5/02), 819 So.2d 434, 439. "To

1

preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony, and state the reasons for the objection." *LaHaye v. Allstate Ins. Co.*, 570 So.2d 460, 466 (La.App. 3 Cir. 1990), *writ denied*, 575 So.2d 391 (La.1991) (citing *Pitts v. Bailes*, 551 So.2d 1363 (La.App. 3 Cir.), *writs denied*, 553 So.2d 860 (La.1989), 556 So.2d 1262 (La.1990)). The failure to make a contemporaneous objection in the trial court waives the right of a party to complain about the ruling on appeal. *Hyland v. Am. Guar. and Liab. Ins. Co.*, 04-305 (La.App. 5 Cir. 9/28/04), 885 So.2d 30.

In this case, the record establishes that the issue of the admissibility of parol evidence was not properly preserved by a contemporaneous objection. Therefore, it is not before this court for appellate review, and we decline to consider it. *See* La.Code Evid. art. 103; *Petre v. State ex rel. Dep't of Transp. and Dev.*, 00-545, 00-546 (La.App. 3 Cir. 12/29/00), 775 So.2d 1252, *affirmed*, 01-876 (La. 4/3/02), 817 So.2d 1107. In fact, Mr. Speni's lone assignment of error is so utterly devoid of merit that, had counsel for Ketteringham sought damages for frivolous appeal, they would have been seriously considered.

For the above reasons, the ruling of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Speni.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of appeal. Rule 2-16.3.

2